## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MATTHEW J. GUTIERREZ,

       Plaintiff,

v.                                                      CIV  NO. 02-1485 WDS

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

       Defendant.

# MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing.  (Doc. No. 14).  The Commissioner of Social Security issued a final decision finding that the Plaintiff was not disabled because he could perform his past relevant work.  Petitioner was denied Disability Insurance Benefits.  The Plaintiff moved this Court to reverse the final decision and remand for a rehearing.  Having considered the Motion, the memoranda submitted by the parties, the entire administrative record and the applicable law, the court finds that the Motion to Reverse and Remand for a Rehearing is well taken  and will be GRANTED.

## I. PROCEDURAL RECORD

    Plaintiff Matthew J. Gutierrez  filed his application for Social Security disability benefits

on January 25, 2000 alleging a disability beginning December 31, 1998 due to knee, shoulder and

back impairments.  Tr. 94, 118.  There was medical evidence that Plaintiff also suffered from

depression. Tr. 24.

The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on June 20,

2001.  At the hearing the Plaintiff was represented by an attorney.  Tr. 22-33, 34-36, 37-74.

On August 9, 2001, the ALJ issued his decision finding that the Plaintiff was not disabled.

The ALJ made the following conclusions according to the sequential analysis set forth in 20

C.F.R. §404.1520(a)-(f) and *Thompson v. Sullivan*, 987 F. 2d 1482, 1487 (10th Cir. 1993):

1) the claimant has not engaged in substantial gainful activity since the alleged onset of his

disability;

2) the claimant has an impairment or combination of impairments considered "severe"

based on the requirements in the Regulations 20 C.F.R. §404.1520(b);

3) the medically determinable impairments do not meet or medically equal one of the listed

impairments in Appendix 1, Subpart P, Regulation No. 4;

4) the claimant's allegations regarding his limitations are not totally credible for reasons

set forth in the body of the decision;

5) the ALJ carefully considered all of the medical opinions in the record regarding the

severity of the claimant's impairments;

6) the claimant has the following residual functional capacity (RFC): able to lift and carry

up to 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk at least 6 out of 8

hours for each activity; unlimited ability to push and pull; and limited far acuity;

7) the claimant's past relevant work as a parking enforcement officer did not require the

performance of work-related activities precluded by his residual functional capacity;

8) the claimant's medically determinable degenerative disc disease of the lumbar and lumbosacral spines; degenerative joint disease of the left shoulder; degenerative joint disease of the left knee; and recently diagnosed keratoconus do not prevent the claimant from performing his past relevant work;

9) the claimant was not under a "disability" as defined the in the Social Security Act, at any time through the date of the decision (20 CFR §416.920(e)). Tr. 27-8.

On the date of the ALJ's decision, the claimant was 46 years old and had a college education. Tr. 23.

The Plaintiff filed a request for review to the Appeals Council and submitted additional evidence. Tr. 8-10, 222-263. The Appeals Council declined the request for review making the ALJ's decision the final decision of the Commissioner. Tr. 5-6.

The Plaintiff filed his complaint for court review of the ALJ's decision on December 12, 2002. (Doc. No. 1).

## II.  STANDARD OF REVIEW

This Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Andrade v. Secretary of Health and Human Svcs.*, 985 F. 2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) (quotations omitted). It is not the function of the courts to re-weigh the evidence but to determine

upon the record as a whole whether the Commissioner's decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Svcs.*, 961 F. 2d 1495, 1497-1498 (10th Cir. 1992).

In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §423(d)(1)(A). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing a disability application. 20 C.F.R. 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Williams v. Bowen,* 844 F. 2d 748, 750-752 (10th Cir. 1988).

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he has done in the past. 20 C.F.R. §§404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Thompson v. Sullivan*, *supra*.

## III. DISCUSSION

4

Plaintiff presents two arguments - 1) that the ALJ's finding at step four that Plaintiff could perform his past relevant work is unsupported by substantial evidence and is legally erroneous; and 2) that the ALJ failed to accord appropriate weight to the Veteran Administration's disability finding.  The Commissioner argues that the ALJ properly determined that the Plaintiff could perform his past relevant work and that the ALJ accorded the appropriate weight to the Veteran Administration's disability finding.

## PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY

The ALJ found that the Plaintiff has degenerative disc diseases of the lumbar and lumbosacral spines, degenerative joint disease of the left shoulder, degenerative joint disease of the left knee and recently diagnosed keratoconus[1].  Tr. 24.  These impairments were severe but not severe enough to meet or medically equal one of the  listed impairments in the Social Security regulations.  Tr. 24.  Moving to the fourth step of the required analysis, the ALJ had to make a determination whether the Plaintiff retained the residual functional capacity (RFC) to perform the requirements of his past relevant work.

Residual functional capacity is defined as "what an individual can still do despite his or her limitations."  *S.S.R. 96-8p*, page 2.  It does not represent the least an individual can do but the most.  *Id.*

A physical examination of the Plaintiff  was conducted by Dr. G. T. Davis on March 6, 2000, on behalf of the Commissioner.   Tr. 173-176.  Dr. Davis noted that he did not have

---

[1] a conical protrusion of the cornea caused by thinning of the stroma, usually bilateral. Stedman's Medical Dictionary, 26th Ed., Williams & Wilkins.

Plaintiff's medical records or treatment notes available for his review.  Tr. 175.  His exam revealed no significant objective abnormalities or significant evidence of pathology.  Tr. 176.  Dr. Davis concluded that Mr. Gutierrez' functional capacity was uncertain and recommended correlating his exam with other data.  Tr. 176.

The Physical RFC Assessment was completed by Dr. Finnegan on March 24, 2000.  Tr. 177-184.  It was reviewed and affirmed by a medical consultant on May 11, 2000.  Tr. 185-186.  Based, it appears, exclusively upon Dr. Davis's examination and report, the consulting physician Dr. Finnegan determined that Plaintiff had the RFC to do light work with a limitation on far visual acuity.  Tr. 177-184.

The ALJ reviewed the evidence before him.  He determined that the evidence failed to document that the Plaintiff had a severe psychological impairment associated with depression. Tr. 24.  Reviewing his physical symptoms, the ALJ noted that the Plaintiff reported that he can only walk short distances, that he has constant back pain, back spasm attacks which occur on a regular basis, pain in the shoulders, mostly on the left, and pain in his knees every day.  The Plaintiff reported that he takes medications to help with these symptoms but that the medication dulls his senses.  Tr. 25, 42-62.  He reported that he could sit for one half hour at a time, could not stand for long periods, could not bend or stoop and had stopped driving except when necessary for his children.  Tr. 25, 47-57.  Plaintiff also reported trouble sleeping, concentrating and socializing. Tr. 45-61.  Plaintiff reported that he wore a back brace every day. Tr. 61-62.

An MRI,  which the ALJ referenced, revealed minimal disc bulging at L4-5 and mild central disc bulging at L5-S1 in June 1998. Tr. 201.  Plaintiff was diagnosed with traumatic

arthropathy[2] in the left shoulder in January, 1999. Tr. 170.  In September, 2000, Plaintiff reported

to his primary care physicians that his pain medication was not working very well in relieving the

pain.  Tr. 206.  He was placed on a different pain medication and the medication for his muscle

spasms was increased.  Tr. 206-207.  By June, 2001, Plaintiff had reported that he had dislocated

his shoulder more than fifteen times.  His left shoulder was diagnosed with chronic supraspinatus

tendinitis[3] and he was noted to have symptomatic lateral epicondylitis[4].  Tr. 237-238.

   In January, 1999, the Veterans' Administration (VA) reviewed his service connected

disabilities of dysthymic disorder, lumbosacral strain, degenerative joint disease of the left knee

and degenerative joint disease of the left shoulder.  Tr. 158-163.  After reviewing Plaintiff's

outpatient treatment reports, the testimony from a personal hearing and two VA examinations in

June 1998, the VA determined that medical and physical evidence supported a 20% disability for

the left knee, a 20% disability for the left shoulder, and a 40% disability for the lumbosacral strain.

Tr. 159.  The VA also awarded him a 50% disability in connection with the dysthymic disorder

with pain disorder resulting in a 100% disability finding.  Tr. 159.

   Step four of the sequential analysis in disability cases consists of three phases.  First, the

ALJ must evaluate the Plaintiff's RFC.  Secondly, the ALJ must determine the physical and

mental demands of the Plaintiff's past relevant work.  In the third phase, the ALJ determines

whether the Plaintiff has the ability to meet the job demands found in phase two despite the

---

[2] affecting a joint, caused by trauma.  Stedman's Medical Dictionary, 26th Ed.

[3] inflammation of a tendon.  Supraspinatus refers to the site of the inflamed tendon. Stedman's Medical Dictionary, 26th Ed.

[4] inflammation of the epicondyle, which is a projection from a long bone above or upon the condyle.  Stedman's Medical Dictionary, 26th Ed.

limitations of his RFC determined in phase one.  *Winfrey v. Chater*, 92 F. 3d 1017 (10th Cir. 1996).

From the evidence presented, the ALJ determined the Plaintiff had the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently, sit, stand and walk at least 6 out of 8 hours for each activity, an unlimited ability to push and pull and had limited far visual acuity.  Tr. 26.  Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence in the record as a whole.  The ALJ based his finding in large part upon Dr. Davis's examination and the consulting physicians' conclusions.  The Plaintiff argues that since the Social Security Administration failed to provide the consultative examiner with the necessary background information neither Dr. Davis' examination nor the consulting physicians' conclusions should be considered to be substantial evidence to support the Plaintiff's RFC.  *See*, *Frey v. Bowen*, 816 F. 2d 508 (10th Cir. 1987).

The Court agrees with the Plaintiff. The Social Security Administration had the responsibility to provide the records to its examining and consulting physicians so that they could make a well-informed and accurate assessment.  *See*, 20 C.F.R. 404.1512(c).  Without the necessary background, neither the examining physician, Dr. Davis, nor the consulting physicians' assessments can be considered substantial evidence upon which the ALJ can support his RFC finding.  *See, Frey v. Bowen*, supra.

 Plaintiff testified that  he could not walk more than to the corner and back, sit for more than 30 minutes and stand for very long.  Tr. 53-54.  He testified that he has pain in his back all the time, pain in his shoulders like a vice grip and pain every day in both knees.  Tr 49-50.  Plaintiff testified that he has bad days when he can't do anything except lay on the floor.  In the

8

wintertime, almost every day is a bad day.  In the summer it's a little better and he will have about five bad days a week.  Tr. 49.  Plaintiff testified that he did not know if he could perform any jobs and with his medication, probably would not be able to get very far in the job. Tr. 48.

The ALJ found he could not grant credibility to the Plaintiff's statements that he could not perform light type work because 1)  the state agency physicians had concluded that Plaintiff could perform such work, 2) the clinical examination performed by the state agency physician did not show any significant objective abnormalities, and 3) the report from the state agency physicians stated that the Plaintiff did not put forth his best effort during the examination.  Tr. 26, 173-17 6, 185.

Credibility determinations are the province of the fact finder and the reviewing court will not upset those determinations when they are supported by substantial evidence.  *Kepler v. Chater*, 68 F.3d 387 (10th Cir. 1995).   In this case however, the credibility determinations made by the ALJ are dependent on the inconsistencies the ALJ found between the state agency examining and consulting physicians' reports and the Plaintiff's testimony of his pain, symptoms and functional limitations.  Tr. 26.  Having already found that the examining and consulting physicians' reports do not constitute substantial evidence upon which the ALJ can support his finding of the Plaintiff's RFC, the Court finds that the credibility determinations of the ALJ are also not supported by substantial evidence.  Upon remand, the ALJ should  link his findings as to the Plaintiff's credibility to either substantial evidence in the record or to specific inconsistences as required in *Kepler, supra*.

The second phase of the fourth step in the sequential analysis requires the ALJ to determine the physical and mental demands of the past relevant work.  *Winfrey v. Chater*, 92 F.

9

3d 1017, 1024 (10th Cir. 1996). The ALJ relied upon the testimony of the vocational expert who testified that Plaintiff's past relevant work as a parking enforcement officer was a light, unskilled occupation. Tr 68. The ALJ did not ask the vocational expert nor make findings as to the precise description of that particular job and its duties. But the Plaintiff testified that when he worked as a parking enforcement officer he walked miles every day, going up and down curbs and bending to put tickets on the windshields, all of which "played havoc on me". Tr. 47. The physical demands of that job hurt his feet, knees and back. Tr. 47.

Upon remand, at the rehearing, the ALJ will need to proceed once again through all three phases of step four to determine if Plaintiff is able to perform his past relevant work as a parking enforcement officer. First, the ALJ will need to determined the Plaintiff's RFC based upon substantial evidence in the record. Secondly, the ALJ will need to make findings regarding the physical demand of the past relevant work. Only then will the ALJ be able to move to the third phase and make the necessary findings whether the Plaintiff can perform his past relevant work despite the physical limitations found in his RFC.

## PROPER WEIGHT TO BE GIVEN THE DISABILITY DETERMINATION BY THE VETERAN'S ADMINISTRATION

The ALJ reviewed the Veterans' Administration's disability determination of January, 1999, finding that "while consideration must be given to the findings of other Federal agencies, such determinations are not binding on the Social Security Administration. Further, the standards utilized for finding unemployability under the Veterans Administration standard might not [sic?] be inconsistent with a finding that the claimant is not disabled under the Social Security disability

standard."  Tr. 25.  Many years ago the standard for review, as expressed by the Tenth Circuit, was that the Veterans' Administration's finding of disability is entitled to consideration but was not controlling upon the Social Security Administration.  *Mandrell v. Weinberger*, 511 F. 2d 1102 (10th Cir. 1975).  More recently however, the Tenth Circuit has quoted with approval from *Fowler v. Califano*, 596 F.2d 600, 603 (3rd Cir. 1979), that "although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered."  *Baca v. Department of Health and Human Svcs.*, 5 F. 3d 476, 480 (10th Cir. 1993).

Recently, the Ninth Circuit reviewed the issue of what significance a Veterans' Administration (VA) disability rating should have in a Social Security Administration adjudication.  *McCartey v. Massanari*, 298 F. 3d 1072 (9th Cir. 2002).  The Court noted that "the nine circuits that have considered this issue agree that the VA disability rating is entitled to evidentiary weight in a Social Security hearing."  *Id.*, at 1075.  Some circuits gave it "substantial weight", some "great weight"and some just "weight" as the Tenth Circuit has done.  The Ninth Circuit decided to give it "great weight" because of the marked similarity in the two federal disability programs. *Id.*, at 1076.

In this case, the ALJ found that he need only consider the findings of the Veterans' Administration but did not give it much evidentiary weight because "there were obvious differences in the standard utilized for unemployability in the Veterans Administration standard and disability, as defined by the Social Security Act and Regulations."  Tr. 25.  The ALJ found that since the VA decision discussed Plaintiff's previous work as a contractor, but not his previous work as a parking enforcement officer, there must be obvious differences in the two systems.  Tr. 25.

11

The VA standard for finding disability is contained in 38 U.S.C. §1502:

(a) for the purposes of this chapter, a person shall be considered to be permanently and totally disabled is such person is any of the following:
 (1) A patient in a nursing home for long-term care because of disability.
 (2) Disabled, as determined by the Commissioner of Social Security for purposes of any benefits administered by the Commissioner.
 (3) Unemployable as a result of disability reasonably certain to continue throughout the life of the person.
 (4) Suffering from –
  (A) any disability which is sufficient to render it impossible for the average person to follow a substantially gainful occupation, but only if it is reasonably certain that such disability will continue throughout the life of the person;  or
  (B) any disease or disorder determined by the Secretary to be of such a nature or extent as to justify a determination that persons suffering therefrom are permanently and totally disabled.

The Veterans' Administration standard for permanent and total disability is not identical to the standards articulated in the Social Security Regulations.  But when the Ninth Circuit compared the two systems in *McCartey v. Massanari*, 298 F. 3d 1072 (9th Cir. 2002), the Court found "marked similarity" between the two programs.  Both programs served the same purpose of providing benefits to those unable to work because of a serious disability.  Both programs evaluated a claimant's ability to work on a sustained and continuing basis.  Both programs focused on a claimant's functional limitations.  Both programs required extensive medical documentation.  Both programs had a detailed regulatory scheme to promote consistency in adjudicating claims. *Id.*, at 1076.  Recognizing that the criteria between the two programs are not identical, the Court of Appeals informed the ALJ in that case that he could give less weight to a VA disability rating only if he gave persuasive and specific reasons supported by the record for doing so.  *Id.*

 In the present case the ALJ failed to give the proper weight to the VA disability rating.  In

12

light of the ALJ's finding that there were obvious differences in the two programs, it is apparent that the ALJ did not give the VA disability rating the evidentiary weight the courts have required. *Baca v. Dept. of Health and Human Svcs.*, 5 F. 3d 476, 480 (10th Cir. 1993).  Because the ALJ has failed to follow the correct legal standard in his consideration of the Plaintiff's VA disability rating, this case must be remanded.

## <u>CONCLUSION</u>

The factual finding that the Plaintiff could perform his past relevant work as a parking enforcement officer is not supported by substantial evidence in the record as a whole.  The ALJ filed to give the proper evidentiary weight to the Veterans' Administration's disability rating of the Plaintiff.  For these reasons, the decision of the Social Security Commissioner is reversed. The case is remanded for proceedings consistent with this opinion.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE